IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ABEL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ANCH U.S. COURT U.S. GOV,<br><br>　　　　Defendants. | Case No. 3:06-cv-00156-JWS<br><br>ORDER OF DISMISSAL |

On June 29, 2006, Robert Abel, representing himself, filed a rambling, incoherent document that he says is a civil rights complaint, along with an application to waive prepayment of fees, under 28 U.S.C. § 1915.[1] Because Mr. Abel is a prisoner proceeding without prepayment of fees, however, the Court must screen his complaint, and must dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2] As explained by the Fourth

---

[1] See Docket Nos. 1, 2.

[2] 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1) (screening prisoner civil rights actions); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (subsection (iii) requires "dismissal of in

Circuit Court of Appeals, "screen[ing] out meritless cases" is necessary to prevent the abuse of "free access to the courts."[3]

As a federal court, this Court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases. It is Mr. Abel's burden, as the plaintiff, to show that this Court has jurisdiction to hear the claims.[4] "To sustain a claim under § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right."[5] As explained by the United States Supreme Court, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."[6]

In conducting its review of a self-represented plaintiff's pleadings, the Court is mindful that it must liberally construe the complaint, and give the plaintiff the

---

forma pauperis proceedings that seek monetary relief against immune defendants"); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (deny leave to proceed IFP "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit").

[3] See *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (en banc), *cert. denied*, 116 S.Ct. 1273 (1996), following *Neitzke v. Williams*, 490 U.S. 319, 324-328 (1989).

[4] See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

[5] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted).

[6] *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)

benefit of any doubt.[7] Before a court may dismiss Mr. Abel's complaint for failure to state a claim upon which relief may be granted, the Court must provide him with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[8] Here, amendment would be futile.

## Habeas Corpus Remedy

If, in fact, Mr. Abel is challenging the fact or duration of his confinement, he may not do so through a civil rights action. Instead, habeas corpus is his exclusive remedy:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would,

---

[7] See Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff. ... Additionally, in general, courts must construe pro se pleadings liberally."); Jackson v. Carey, 353 F.3d 750 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."); Frost v. Symington, 197 F.3d 348, 352 (9th Cir. 1999) (self-represented prisoner's claims must be liberally construed, and given the benefit of any doubt); Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996).

[8] See Schmier v. U.S. Court of Appeals for Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) ("Futility of amendment ... frequently means that 'it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement.'") (citations excluded); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987); see also Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.1996)"); Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) ("Dismissal without leave to amend is proper only in 'extraordinary' cases.") (citation omitted).

the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[9]

Further, "[t]he fact that [a plaintiff] seeks money damages . . . as a remedy does not alter this conclusion."[10]

Mr. Abel requests $5 million in damages, alleging that the state and federal trial and appellate courts are in conspiracy, have denied his rights during and after his criminal state court trial, and he asks for his immediate release, and that his conviction be removed from his criminal record.[11] However, as the Supreme Court has explained, if a plaintiff's claim "for declaratory relief and money damages ... necessarily [implies] the invalidity of the punishment imposed, [it] is not cognizable under § 1983."[12] Therefore, since Mr. Abel is challenging the fact or duration of his

---

[9] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002), quoting *Heck*, 512 U.S. at 487 n. 6 ("In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'"); *see also Martin v. Sias*, 88 F.3d 774 (9th Cir. 1996), extending *Heck v. Humphrey* to federal prisoners and *Bivens* actions.

[10] *See Wilkinson v. Dotson*, 125 U.S. 1242, 1248 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

[11] *See* Docket No. 1.

[12] *Edwards v. Balisok*, 117 S.Ct. 1584, 1589 (1997).

confinement, his remedy would be in a timely petition for writ of habeas corpus,[13] only after receiving permission from the Court of Appeals for the Ninth Circuit to file a successive petition.[14]

### Frivolous Claims

Mr. Abel says that he has filed 25 other actions in this Court, many of which deal with his state court conviction.[15] He now alleges that the various state and federal courts are in a conspiracy, and are lying and corrupt, forging and hiding documents, and making their own rules in order to keep Mr. Abel incarcerated.

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."[16] A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[17] Plaintiff's claims, as stated, are blatantly frivolous.

---

[13] See 28 U.S.C. § 2244(d)(1) (one-year statute of limitations).

[14] See 28 U.S.C. § 2244(b); see also Case No. A95-0418 CV (HRH), affirmed on the merits as to the heat of passion issue, and affirmed based upon Abel's procedural default in the state court on numerous other issues, Abel v. State of Alaska, No. 98-36097 (9th Cir. Sept. 17, 1999).

[15] See Docket No. 1 at 2.

[16] Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

[17] Cato, 70 F.3d at 1105 n. 2 (citations and internal quotations omitted); see also Denton v. Hernandez, 504 U.S. 25, 31 (1992) (recognizing that an IFP litigant may lack the economic incentives to refrain from filing frivolous or repetitive lawsuits).

**IT IS THEREFORE ORDERED:**

1. This action is DISMISSED with prejudice; and

2. Mr. Abel's motion for expedited consideration, at docket number 3, is DENIED.

DATED this 6th day of July, 2006, at Anchorage, Alaska.

/s/JOHN W. SEDWICK
United States District Judge